THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| CVB INC.,<br><br>              Plaintiff,<br><br>v.<br><br>CORSICANA MATTRESS COMPANY, ELITE COMFORT SOLUTIONS, INC., FUTURE FOAM, INC., FXI HOLDINGS, INC., LEGGETT & PLATT, INC., SERTA SIMMONS BEDDING, LLC, TEMPUR SEALY INTERNATIONAL, INC., and BROOKLYN BEDDING, INC.,<br><br>              Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING [94] PLAINTIFF'S MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT**<br><br>Case No. 1:20-cv-00144-DBB-DAO<br><br>District Judge David Barlow |

Before the court is Plaintiff CVB Inc.'s ("CVB") Motion for Leave to File a Second Amended Complaint against Defendants Corsicana Mattress Company, Elite Comfort Solutions, Inc., Future Foam, Inc., FXI Holdings, Inc., Leggett & Platt, Inc., Serta Simmons Bedding, LLC, Tempur Sealy International, Inc., and Brooklyn Bedding, Inc. (collectively "Defendants").[1] For the following reasons, the court grants Plaintiff's motion.

## BACKGROUND

CVB filed its original Complaint on October 28, 2020, alleging various claims under the Sherman Act, the Lanham Act, the Utah Antitrust Act, and state tort law.[2] On September 15,

---

[1] Pl. CVB Inc.'s Mot. for Leave to File a Second Am. Compl. ("Pl.'s Mot."), ECF No. 94.
[2] Compl. ¶¶ 297–353, ECF No. 2.

2021, the court granted dismissal without prejudice of CVBs claims based upon protected petitioning activity.[3]

On December 15, 2021, CVB filed its Amended Complaint, re-alleging the same claims.[4] On May 23, 2022, the court granted Defendants' Motion to Dismiss and dismissed with prejudice all of CVB's claims that were based upon protected petitioning activity.[5] However, the court dismissed without prejudice CVB's remaining claims.[6] Nevertheless, CVB appealed this order to the Tenth Circuit.[7]

On March 29, 2023, the Defendants raised the jurisdictional defect in the Tenth Circuit's appellate jurisdiction.[8] On July 19, 2023, the Tenth Circuit dismissed CVB's appeal for lack of appellate jurisdiction, since this court's May 23, 2022 order was not final.[9] On October 6, 2023, the magistrate judge issued an order permitting CVB to move for leave to amend its complaint by November 3, 2023.[10] CVB timely filed said motion.[11]

## STANDARD

Under Rule 15(a)(2) of the Federal Rules of Civil Procedure, if a party cannot amend its pleading as a matter of right, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so

---

[3] Order Granting [36] Defs.' Mot. to Dismiss, ECF No. 63.
[4] Am. Compl. ¶¶ 338–95, ECF No. 69.
[5] Memorandum Decision and Order Granting [72] Defendants' Mot. to Dismiss 5–37, 57, ECF No. 79.
[6] *Id.* at 37–57.
[7] *See* Notice of Appeal, ECF No. 80.
[8] *See* Mot. to Take Judicial Notice of Defect in Appellate Jurisdiction and for Order Directing Pl.-Appellant to Cure, *CVB, Inc. v. Elite Comfort Sols., Inc. et al.*, No. 22-4054 (10th Cir. Mar. 29, 2023).
[9] *See* Order, ECF No. 92.
[10] *See* ECF No. 93.
[11] *See* Pl.'s Mot.

requires."[12] Rule 15(a)(2) "reflects the basic policy that pleadings should enable a claim to be heard on its merits."[13] Generally, a court may deny leave to amend only if there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment."[14]

## DISCUSSION

Defendants argue: (A) that because "CVB waited nearly eighteen months following the May 2022 Order to seek leave" to amend, CVB has unduly delayed; (B) CVB's delay shows bad faith or dilatory motive; (C) CVB's delay will prejudice Defendants; and (D) amendment will be futile.[15] The court addresses each in turn.

### A.   Undue Delay

Denying leave to amend is "appropriate when the party filing the motion has no adequate explanation for the delay."[16] Defendants argue that CVB fails to offer any explanation for the 18-month delay.[17] However, it is plain that any delay in this case was caused by CVB's appeal. Defendants did not raise the jurisdictional defect in the Tenth Circuit's appellate jurisdiction until March 2023—nearly a year after this court's order.[18] The Tenth Circuit dismissed the appeal in July 2023.[19] Less than four months passed from the Tenth Circuit's dismissal until the

---

[12] Fed. R. Civ. P. 15(a)(2); *see also Forman v. Davis*, 371 U.S. 178, 182 (1962) ("Rule 15(a) declares that leave to amend 'shall be freely given when justice so requires' this mandate is to be heeded.").
[13] *Calderon v. Kan. Dept. of Soc. and Rehab. Servs.*, 181 F.3d 1180, 1186 (10th Cir. 1999).
[14] *Forman*, 371 U.S. at 182; *accord Frank v. U.S. W., Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993).
[15] Defs.' Opp'n to Pl.'s Mot. for Leave to File a Second Am. Compl. ("Defs.' Opp'n") 4–10, ECF No. 97.
[16] *Zisumbo v. Ogden Reg'l Med. Ctr.*, 801 F.3d 1185, 1195 (10th Cir. 2015); *see also Durham v. Xerox Corp.*, 18 F.3d 836, 840 (10th Cir. 1994) ("[U]nexplained delay alone justifies the district court's discretionary decision.").
[17] Defs.' Opp'n 4–5.
[18] *See supra* note 8 and accompanying text.
[19] *See supra* note 9 and accompanying text.

filing of CVB's motion for leave to file a second amended complaint. And the motion was filed on the deadline set by the magistrate judge.[20] As a result, the court finds that any delay was not undue.

Defendants also argue that CVB knew or should have known nearly everything it has added to its proposed Second Amended Complaint.[21] Whether or not that is the case, it is not dispositive. Motions to amend are routinely granted even when the plaintiff might have added the additional information earlier, especially where the court has not found undue delay.

### B.   Bad Faith

Defendants suggest that CVB acted in bad faith by moving for leave to amend after representing to the Tenth Circuit that it would "not oppose" a Rule 54(b) certification in order to secure appellate jurisdiction.[22] While there is "little guidance in the Tenth Circuit as to what constitutes bad faith for purposes of a Rule 15 motion,"[23] some courts have suggested that bad faith may be found when "the party filed the motion for an inappropriate or suspicious reason or to mislead the court."[24] In this case, given that CVB did not represent to this court or the Tenth Circuit that it would affirmatively seek Rule 54(b) certification, the court declines to find CVB's actions to be misleading. Accordingly, the court finds that CVB has not acted in bad faith.

---

[20] *See supra* notes 10–11 and accompanying text.
[21] Defs.' Opp'n 5–6.
[22] Defs.' Opp'n 6.
[23] *First Am. Mortg., Inc. v. First Home Builders of Fla.*, No. 10-cv-00824-REB-MEH, 2010 WL 5230902, at *3 (D. Colo. Dec. 15, 2010).
[24] *Christensen v. Piceance Well Serv., Inc.*, No. 2:15-cv-272-TS, 2016 WL 6956606, at *2 (D. Utah Nov. 28, 2016).

### C.   Prejudice

Next, Defendants suggest that CVB's delays in seeking leave to amend will cause undue prejudice.[25] The Tenth Circuit has indeed suggested that "[p]rejudice and timeliness are obviously related[.]"[26] Here, the court has rejected that there was *undue* delay, and beyond CVB's delay, Defendants have not suggested how they will be unduly prejudiced by CVB's amendment. That the case itself has not ended and, for some or all of the defendants must be disclosed in certain filings[27] is not enough to show undue prejudice on this record.

### D.   Futility

Finally, Defendants suggest that amendment would be futile.[28] "A proposed amendment is futile if the complaint, as amended, would be subject to dismissal."[29] This is "functionally equivalent to the question whether a complaint may be dismissed for failure to state a claim."[30] Defendants have the burden in establishing that amendment would be futile.[31]

Defendants argue that amendment would be futile because "the new material in CVB's proposed Second Amendment Complaint would not cure the pleading deficiencies already identified" by the court.[32] However, Defendants spend only three pages summarizing CVB's proposed amendments and this court's prior order[33]; nowhere do Defendants engage in detailed

---

[25] Defs.' Opp'n 6.
[26] *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1205 (10th Cir. 2006).
[27] Defs.' Opp'n 7.
[28] *Id.* at 7–10.
[29] *Adams v. C3 Pipeline Constr. Inc.*, 30 F.4th 943, 972 (10th Cir. 2021) (quoting *Gohier v. Enright*, 186 F.3d 1216, 1218 (10th Cir. 1999)).
[30] *Id.* (quoting *Gohier*, 186 F.3d at 1218).
[31] *See e.g.*, *United States v. Sturdevant*, No. 07-2233-KHV-DJW, 2008 WL 4198598, at *3 (D. Kan. Sept. 11, 2008); *Richter v. Nelson*, 4:20-cv-00167-CRK-CDL, 2023 WL 7128459, at *3 (N.D. Okla. Oct. 30, 2023); *McCubbin v. Webser Cnty.*, No. 1:15-cv-133, 2018 WL 6602210, *4 (D. Utah Dec. 17, 2018); *Openwater Safety IV, LLC v. Great Lakes Ins. SE*, 435 F.Supp.3d 1142, 1151 (D. Colo. 2020).
[32] Defs.' Opp'n 7.
[33] *Id.* at 8–10.

analysis that would suggest that any of CVB's proposed claims would be subject to dismissal under the standards in Rule 12(b). This is insufficient to carry their burden.

Nor is it enough to say that the proposed revisions fail to cure previously identified deficiencies. That issue is not identical to the futility issue.[34] Instead, denial of leave to amend for failure to cure deficiencies is only appropriate when that failure has been repeated.[35] And in this case, while there have been two previous dismissals, the first dismissal focused on the claims based on protected petitioning activity, while the second focused on all of the claims. The court does not find that any failure to cure previously identified deficiencies has been repeated such that denial of leave to amend would be proper.

## ORDER

For the reasons set forth above, the court GRANTS CVB's motion. CVB shall file its Second Amended Complaint within 30 days of this Order.

Signed April 3, 2024.

BY THE COURT

David Barlow
United States District Judge

---

[34] *See supra* note 14 and accompanying text.
[35] *See Forman*, 371 U.S. at 182.